UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No.  00-CV-12216-WGY

|  |  |
|---|---|
| DIANE DODD, personally and as representative of the estate of MARY SULLIVAN, and Richard DeSALVO, personally and as the representative of the estate of ALBERT DeSALVO, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS REILLY, as the Attorney General of the Commonwealth, RICHARD J. EVANS, MD, as the Chief Medical Examiner, JOHN DiFAVA, as the Superintendent of the Massachusetts State Police, PAUL F. EVANS, as Chief of Police for the City of Boston, and RALPH C. MARTIN, as the Suffolk County District Attorney, all in their official capacities, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

ANSWER ON BEHALF OF THOMAS F. REILLY, ATTORNEY GENERAL

Now comes the defendant Thomas F. Reilly, Attorney General, and answers the complaint against him as follows:

1.    Admitted.

2.    This allegation states a legal conclusion and requires no response.

3.    Admitted.

4.    This allegation states a legal conclusion and requires no response.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.   This allegation does not require a response.

11.   The defendant is without sufficient knowledge to admit or deny this allegation.

12.   The defendant is without sufficient knowledge to admit or deny this allegation.

13.   Admitted insofar as Mary Sullivan's death was ruled a homicide and she died on January 4, 1964.

14.   The defendant is without sufficient knowledge to admit or deny this allegation.

15.   The defendant is without sufficient knowledge to admit or deny this allegation.

16.   The defendant is without sufficient knowledge to admit or deny this allegation.

17.   Admitted.

18.   The defendant is without sufficient knowledge to admit or deny this allegation, except that the defendant admits that biological fluid samples were taken from Ms. Sullivan.

19.   The defendant is without sufficient knowledge to admit or deny this allegation, except that the defendant admits that to the extent these items were taken and may remain in the possession of the defendants, that they have or may have forensic value to the investigation into the homicide death of Mary Sullivan.

20.   The defendant is without sufficient knowledge to admit or deny this allegation.

21.   The defendant is without sufficient knowledge to admit or deny this allegation.

22.   The defendant is without sufficient knowledge to admit or deny this allegation. Further, this allegation states a legal conclusion to which no response is required.

23.   The defendant is without sufficient knowledge to admit or deny this allegation, except

that the defendant admits that the items have or may have forensic value to the investigation into the homicide death of Mary Sullivan.

24.     The defendant is without sufficient knowledge to admit or deny this allegation.

### COUNT I

25-36. Insofar as this Count was dismissed by the Court, Young, J., these allegations do not require an answer.

### COUNT II

37-41. Insofar as this Count is not directed against the defendant, the defendant does not answer.

### COUNT III

42.     This allegation does not require a response.

43.     The defendant is without sufficient knowledge to admit or deny this allegation, except that the defendant admits that to the extent any items were taken and may remain in the possession of the defendants, that they were taken for purposes of the investigation into the homicide death of Mary Sullivan and/or other homicides.

44.     The defendant is without sufficient knowledge to admit or deny this allegation, except that the defendant admits that to the extent any items were taken and may remain in the possession of any of the defendants, that they were taken for purposes of the investigation into the death of Albert DeSalvo and/or other homicides.

45.     The defendant admits that a request for the return of certain items was made upon Thomas F. Reilly, Richard Evans, and John DiFava, but states that the remainder of the allegation states a legal conclusion to which no response is required.

46.     The defendant admits that nothing was returned by Thomas F. Reilly, Richard Evans, and John DiFava, but states that the remainder of the allegation states a legal conclusion to which no response is required.

47.     The defendant admits that a request for the return of Albert DeSalvo's personalty was made upon Thomas F. Reilly, Richard Evans, and John DiFava, but the defendant denies that they were made by Albert DeSalvo's representatives or that the items requested are Albert DeSalvo's personalty.

48.     The defendant denies this allegation insofar as it concerns him and does not have sufficient information to admit or deny this allegation insofar as it concerns other defendants.

49.    This allegation states a legal conclusion which requires no response.

50.    The defendant denies this allegation insofar as it concerns him and does not have sufficient information to admit or deny this allegation insofar as it concerns other defendants.

51.    Denied.

52.    The defendant is without sufficient information to admit or deny this allegation.

53.    The defendant is without sufficient information to admit or deny this allegation.

54.    The defendant is without sufficient information to admit or deny this allegation.

55.    The defendant is without sufficient information to admit or deny this allegation.

56.    The defendant denies this allegation insofar as it concerns him and does not have sufficient information to admit or deny this allegation insofar as it concerns other defendants.

57.    Denied.

58.    The defendant is without sufficient information to admit or deny this allegation.

59.    The defendant is without sufficient information to admit or deny this allegation.

60.    The defendant is without sufficient information to admit or deny this allegation.

61.    The defendant is without sufficient information to admit or deny this allegation.

62.    This allegation states a legal conclusion which requires no response.

63.    This allegation states a legal conclusion which requires no response.

64.    This allegation states a legal conclusion which requires no response.

<u>COUNT IV</u>

65.    This allegation does not require a response.

66.    The defendant denies this allegation insofar as it concerns him and does not have sufficient information to admit or deny this allegation insofar as it concerns other defendants and this allegation states a legal conclusion to which no response is required.

67.    The defendant is without sufficient knowledge to admit or deny this allegation, except

that the defendant admits that the items have or may have forensic value to the investigation into the homicide death of Mary Sullivan, or other homicides.

68.    The defendant is without sufficient knowledge to admit or deny this allegation.

69.    The defendant is without sufficient knowledge to admit or deny this allegation, except that the defendant admits that the items have or may have forensic value to the investigation into the homicide death of Mary Sullivan, or other homicides.

70.    The defendant is without sufficient knowledge to admit or deny this allegation.

71.    The defendant denies this allegation insofar as it concerns him and does not have sufficient information to admit or deny this allegation insofar as it concerns other defendants and this allegation states a legal conclusion to which no response is required.

72.    To the extent this allegation states facts, they are denied.  To the extent this allegation states a legal conclusion, no response is required.

73.    To the extent this allegation states facts, they are denied.  To the extent this allegation states a legal conclusion, no response is required.

74.    This allegation states a legal conclusion which requires no response.

75.    This allegation states a legal conclusion which requires no response.

## COUNT V

76.    This allegation does not require a response.

77.    To the extent this allegation states facts, they are denied.  To the extent this allegation states a legal conclusion, no response is required.

78.    To the extent this allegation states facts, they are denied.  To the extent this allegation states a legal conclusion, no response is required.

79.    To the extent this allegation states facts, they are denied.  To the extent this allegation states a legal conclusion, no response is required.

80.    This allegation states a legal conclusion which requires no response.

81.    This allegation states a legal conclusion which requires no response.

82.    This allegation states a legal conclusion which requires no response.

83.    This allegation states a legal conclusion which requires no response.

## JURY DEMAND

84.    This allegation does not require a response.

## AFFIRMATIVE DEFENSES

Further answering, the Defendants asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The property sought to be returned constitutes evidence in a criminal case and therefore is not subject to a replevin  or "takings" claim and the state did not use its powers of eminent domain against the plaintiffs or their property.

### SECOND AFFIRMATIVE DEFENSE

Neither the plaintiffs nor the Court can interfere with the prosecutorial discretion to conduct a criminal investigation or pursue a criminal prosecution.

### THIRD AFFIRMATIVE DEFENSE

The Defendant is absolutely immune from liability for the actions alleged.

### FOURTH AFFIRMATIVE DEFENSE

The state officials are not "persons" for purposes of monetary relief under 42 U.S.C. § 1983.

### FIFTH AFFIRMATIVE DEFENSE

The complaint is barred by the Eleventh Amendment.

### SIXTH AFFIRMATIVE DEFENSE

The complaint is barred by the *Pennhurst* doctrine, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs lack standing to file or pursue this complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs are not the lawful administrators of the estates of Mary Sullivan or Albert DeSalvo.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred by G.L. c. 230, § 1.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to return of personalty belonging to another.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant is entitled to qualified immunity.

## TWELVETH AFFIRMATIVE DEFENSE

The defendant is entitled to common law immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs did not present their claim as is required by G.L. c. 258.

## FOURTEENTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

The complaint is barred by the statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant gives notice that he intends to rely on such other defenses as may become available.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

By: _____
Judy Zeprun Kalman, BBO # 539860
Senior Counsel
Pamela Dashiell, BBO # 114540
Legal Counsel
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2018, ext. 2052

## CERTIFICATE OF SERVICE

I, Judy Zeprun Kalman, certify that I sent a copy of the within answer upon all counsel of record on __3/12/01__, by U.S. mail.

_____
Judy Zeprun Kalman